IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DANA BOHANNON and
SEAN BOHANNON, M.D.,
in their capacities as the next
friends, parents, and on behalf
of WILLIAM EMMETT
BOHANNON, a minor child,

    Plaintiffs,

v.

CIVIL ACTION FILE NO.:
4:13-CV-0251-HLM

FLOYD HEALTHCARE
MANAGEMENT, INC. d/b/a
FLOYD MEDICAL CENTER,
STEPHEN M. BAXTER, M.D.,
STEPHEN BAXTER M.D., P.C.,
BEACON ANESTHESIA &
MEDICAL CONSULTANTS, INC.,
GEORGIA GROUP SERVICES,
LLC, and
JOHN DOE CORPORATION, INC.,

    Defendants.

## ORDER

This case is before the Court on the Motion for Summary Judgment filed by Defendant Georgia Group Services, LLC ("Defendant GGS") [18].

## I. Background

### A. Procedural Background

On October 11, 2013, Plaintiffs filed this lawsuit. (Docket Entry No. 1.) Plaintiffs asserted that Defendant Stephen M. Baxter, M.D. ("Defendant Baxter") was negligent in providing anesthesia services to Plaintiff Dana Bohannon during her labor, which resulted in severe and permanent injuries to Plaintiffs' infant son, William Emmett Bohannon. (See generally Compl. (Docket Entry No. 1).) Plaintiffs alleged that "Defendant Baxter was the

2

employee/partner/agent/contractor/member of Defendant GGS, so that any acts or omissions of Defendant Baxter are chargeable to and attributable to Defendant GGS, by virtue of the relationship between it and Defendant Baxter." (Id. ¶ 13.)

On December 9, 2013, Defendant GGS filed a Motion for Summary Judgment, arguing that it is not responsible for Defendant Baxter's negligence because Defendant Baxter is an independent contractor and is not an employee of Defendant GGS. (See generally Def. GGS's Mot. Summ. J. (Docket Entry No. 18).) The briefing process for the Motion for Summary Judgment is complete, and the Court finds that the Motion is ripe for resolution.

AO 72A
(Rev.8/8
2)

## B. Factual Background

Keeping in mind that when deciding a motion for summary judgment, the Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the Court provides the following statement of facts. Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1241 (11th Cir. 2007). This statement does not represent actual findings of fact. In re Celotex Corp., 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the Court has provided the statement simply to place the Court's legal analysis in the context of this particular case or controversy.

Plaintiffs' son, William Emmett Bohannon, was born after Defendant Baxter administered 1 mg. of Dilaudid,

4

.25% Marcaine and epinephrine in a 10 cc syringe to his mother, Plaintiff Dana Bohannon, through the epidural catheter in place. (Def. GGS's Statement of Undisputed Material Facts ("DSMF") (Docket Entry No. 18-2) ¶ 1; Pls.' Resp. DSMF ("PRDSMF") ¶ 1.)[1] All of Plaintiffs' allegations against Defendant GGS are derivative of Plaintiffs' claims against Defendant Baxter under the theories of vicarious liability or respondeat superior. (DSMF ¶ 2; PRDSMF ¶ 2.)

Defendant GGS contends that when Defendant Baxter saw Plaintiff Dana Bohannon, Defendant GGS had a contract in place with Defendant Floyd Healthcare Management, Inc. ("Defendant Floyd") to provide anesthesiologists to treat patients at Defendant Floyd. (Def.

---

[1] The Court has modified DSMF ¶ 1 to take into account Plaintiffs' partial objection to that proposed fact.

5

GGS's Mot. Summ. J. Ex. B (Docket Entry No. 18-1).)² On October 13, 2011, Defendant Baxter was under contract with Defendant GGS to provide anesthesia services to patients at Defendant Floyd. (Id. Ex. B-1 (Docket Entry No. 18-1).)³

Defendant GGS contends that, under Defendant Baxter's contract with Defendant GGS, Defendant Baxter

---

²Plaintiffs argue that this agreement is hearsay. The Court may consider the agreement for purposes of the instant Motion because Defendant GGS can authenticate it and reduce it to admissible form at trial. Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999).

³Plaintiffs object to this agreement as hearsay. The Court may consider the agreement because Defendant GGS can authenticate it and reduce it to admissible form at trial. Macuba, 193 F.3d at 1323.

was an independent contractor. (Def. GGS's Mot. Summ. J. Ex. B-1, ¶ IV.)[4]

Defendant GGS submitted an affidavit from Defendant Baxter with its reply in support of its Motion for Summary Judgment. (Aff. of Stephen M. Baxter, M.D. (Docket Entry No. 25-1).)[5] According to Defendant Baxter, he is licensed

---

[4] Plaintiffs argue that this agreement is hearsay and that Defendant GGS failed to authenticate it. The Court may consider the agreement at this stage of the proceedings because Defendant GGS can authenticate it and reduce it to admissible form at trial. Macuba, 193 F.3d at 1323.

[5] Defendant GGS claims that it presented Defendant Baxter's Affidavit "in an effort to cure Plaintiffs' initial objection." (Def. GGS's Reply Supp. Mot. Summ. J. (Docket Entry No. 25).) Defendant Baxter's Affidavit, however, does more than simply attempt to authenticate the agreements, as it adds new factual assertions. (See generally Baxter Aff.) The Court generally does not permit parties to present new evidence or arguments in connection with reply briefs. See Obester v. Lucas Assocs., Inc., Civil Action File No. 1:08-CV-03491-MHS-AJB, 2010 WL 8292401, at *42 (N.D. Ga. Aug. 2, 2010) ("Courts generally do not consider issues raised for the first time in a reply brief." (collecting cases)), report and recommendation adopted, 2010 WL 8304884 (N.D. Ga. Sept. 7,

to practice medicine in Georgia, his "license has not been suspended, revoked, or withdrawn for any reason," and his "license was active on October 13, 2011 when [he] provided treatment to [Plaintiff] Dana Bohannon." (Id. ¶ 2.) Defendant Baxter states that when he treated Plaintiff Dana Bohannon, he "was working under a contractual agreement with [Defendant GGS] to provide medical services in the speciality of anesthesiology at [Defendant Floyd.]." (Id. ¶ 3.) According to Defendant Baxter, he "understood that [he] was an independent contractor" under the agreement, and he contends that he "was neither an actual agent or an employee of [Defendant GGS]." (Id. ¶ 4.) Defendant Baxter

---

2010); see also In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

states that the agreement attached to Defendant GGS's Motion is the contract that he signed. (Id. ¶ 5.) According to Defendant Baxter, he "was issued a 1099 form for payment of taxes," and "was not issued a W-2 by [Defendant GGS]." (Id. ¶ 6.) Defendant Baxter further states that Defendant GGS "did not have, nor exercise, any control or direction over the manner or methods by which [he] performed [his] medical services." (Id. ¶ 7.) Finally, Defendant Baxter avers that Defendant GGS "did not have, nor set standards for the duration or time under which I performed my medical services." (Id. ¶ 8.)

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) authorizes summary judgment when "there is no genuine dispute as to

9

AO 72A
(Rev.8/8
2)

any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of showing the Court that summary judgment is appropriate and may satisfy this burden by pointing to materials in the record. Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1313 (11th Cir. 2007). Once the moving party has supported its motion adequately, the non-movant has the burden of showing summary judgment is improper by coming forward with specific facts that demonstrate the existence of a genuine issue for trial. Allen, 495 F.3d at 1314.

AO 72A
(Rev.8/8
2)

When evaluating a motion for summary judgment, the Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. <u>Optimum Techs., Inc.</u>, 496 F.3d at 1241. The Court also must "'resolve all reasonable doubts about the facts in favor of the non-movant.'" <u>Rioux v. City of Atlanta, Ga.</u>, 520 F.3d 1269, 1274 (11th Cir. 2008) (quoting <u>United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.</u>, 894 F.2d 1555, 1558 (11th Cir. 1990)). Further, the Court may not make credibility determinations, weigh conflicting evidence to resolve disputed factual issues, or assess the quality of the evidence presented. <u>Reese</u>, 527 F.3d at 1271; <u>Skop v. City of Atlanta, Ga.</u>, 485 F.3d 1130, 1140 (11th Cir. 2007).

11

AO 72A
(Rev.8/8
2)

Finally, the Court does not make factual determinations. In re Celotex Corp., 487 F.3d at 1328.

## III. Discussion

Plaintiffs argue that Defendant GGS's Motion for Summary Judgment is premature because the Parties have not yet had an opportunity to conduct discovery. (Pls.' Resp. Def. GGS's Mot. Summ. J. (Docket Entry No. 24) at 10-12.) In response, Defendant GGS contends that no additional discovery is necessary because Defendant GGS has produced a contract and provided an affidavit from Defendant Baxter. (Def. GGS's Reply Supp. Mot. Summ. J. (Docket Entry No. 25) at 3.)

Federal Rule of Civil Procedure 56(d) provides that, with respect to motions for summary judgment:

> If a nonnmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Plaintiffs did not file a separate affidavit or declaration showing why they could not present facts necessary to justify their opposition to the Motion for Summary Judgment. (See generally Pls.' Resp. Def. GGS's Mot. Summ. J.) The Court, however, has discretion to waive that requirement. See Am. Coach Lines of Orlando, Inc. v. N. Am. Bus. Indus., Inc., No. 6:09-cv-1999-Orl-19GJK, 2010 WL 3958692, at *4 (M.D. Fla. Oct. 8, 2010) ("The Eleventh Circuit has recognized 'that the interests of justice will sometimes require a district court to postpone its

13

ruling on a motion for summary judgment even though the technical requirements of Rule [56(d)] have not been met.'" (quoting Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 871 (11th Cir. 1988)). The Court exercises its discretion to waive Rule 56(d)'s affidavit or declaration requirement here.

"[S]ummary judgment should not generally be granted until the party opposing the motion has had an adequate opportunity for discovery." Denton v. United States, No. Civ. A. 1:04-CV-3285-RLV, 2006 WL 358273, at *5 (N.D. Ga. Feb. 15, 2006); see also Am. Coach Lines of Orlando, Inc., 2010 WL 3958692, at *5 ("The guiding principle is that summary judgment may only be decided upon an adequate record." (internal quotation marks and citation omitted)).

14

AO 72A
(Rev.8/8
2)

Here, the discovery period had not yet begun when Defendant GGS filed its Motion for Summary Judgment. Plaintiffs consequently have not had an opportunity to determine whether they can furnish evidence to respond to that Motion. Although Defendant GGS argues that no discovery concerning the matter is necessary, Plaintiffs are, at a minimum, entitled to depose Defendant Baxter to test the statements contained in Defendant Baxter's Affidavit and to discover facts concerning Defendant Baxter's relationship with Defendant GGS so that Plaintiffs can determine whether Defendant Baxter is an independent contractor or whether one of the exceptions listed in O.C.G.A. § 51-2-5 may make Defendant GGS responsible for Defendant Baxter's actions.  See Robinson v.

Correctional Med. Assocs., Inc., Civil Action No. 1:09-cv-01509-JOF, 2010 WL 2499994, at *6 (N.D. Ga. June 15, 2010) (finding that plaintiff was entitled to conduct additional discovery in connection with defendants' summary judgment motion where defendants attached their own affidavits to motion, noting that "[i]t would not serve the purpose of Rule 56 to force Plaintiff to respond to a motion supported by Defendants' affidavits without giving Plaintiff the opportunity to test the statements made in those affidavits"). The Court consequently denies without prejudice Defendant GGS's Motion for Summary Judgment.

## IV. Conclusion

ACCORDINGLY, the Court **DENIES WITHOUT PREJUDICE** Defendant GGS's Motion for Summary

AO 72A
(Rev.8/8

Judgment [18]. Defendant GGS may re-file that Motion after the Parties have an adequate opportunity to conduct discovery with respect to the independent contractor issue.

IT IS SO ORDERED, this the 9 day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE

17